UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LUCAS ROBERT-JAY MANN,

    Plaintiff,

        v.                        CAUSE NO. 3:24-CV-892-GSL-JEM

ALLEN COUNTY JAIL, CLERK, and
SHERIFFS OFFICE,

    Defendants.

## OPINION AND ORDER

Lucas Robert-Jay Mann, a prisoner without a lawyer, filed a complaint alleging he was held past his release date. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mann alleges he was taken to court from the Allen County Jail on March 28, 2024, where he was sentenced to time served with 18 months probation. He was then returned to jail so he could be released. After a few hours, Mann spoke to a guard to told him the jail had not yet received official notification from the court, but he would notify jail officials about the concern. Mann asked repeatedly, but no higher-ranking jail

officers spoke to him that day because they were busy. Mann spoke to the same guard the next day and was again told he would notify higher ranking officials at the jail. At this time, Mann was on suicide watch. The following day, the guard was surprised he was still there. The guard looked to see if there were any holds or warrants, but found none. Later that day, Mann spoke to a different guard who "said he found out the problem stating that they had lost [his] paperwork somewhere between the courthouse and the jail during transit[.]" ECF 1 at 4. The next afternoon he was released.

"Incarceration beyond the date when a person is entitled to be released violates the Eighth Amendment if it is the product of deliberate indifference." *Figgs v. Dawson*, 829 F.3d 895, 902 (7th Cir. 2016). "Deliberate indifference occupies a space slightly below intent and poses a high hurdle and an exacting standard requiring something approaching a total unconcern for the prisoner's welfare in the face of serious risks. Negligence, or even objective recklessness, is insufficient to satisfy deliberate indifference." *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 615 (7th Cir. 2022) (cleaned up).

Here, it is unfortunate Mann was not released the day he was sentenced. It is regrettable that he spent three extra days in jail. However, the facts he alleges do not show that any of the named defendants (or anyone else) was deliberately indifferent. At most, they were negligent or reckless.

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. If Mann believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Lucas Robert-Jay Mann until **May 29, 2025**, to file an amended complaint; and

(2) CAUTIONS Lucas Robert-Jay Mann if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on April 25, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT